UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-20008-CR-WILLIAMS

UNITED STATES OF AMERICA

vs.

MICHAEL KARL GEILENFELD,

   Defendant.
_____/

## UNITED STATES' STATUS REPORT AND MOTION TO STAY

The United States of America, through the undersigned Assistant United States Attorney, moves this Court to stay the magistrate judge's order granting the Defendant a bond. Additionally, the government provides information on the status of this case as an aid to the Court.

I. **BACKGROUND**

   a. **Charges**

On January 18, 2024, a grand jury sitting in the Southern District of Florida returned an indictment against the Defendant, charging him with one count of Traveling in Foreign Commerce with the Purpose of Engaging in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b). *See* D. Colo. Case No. 24-mj-00012 (ECF No. 1)[1]. The charges stem from Geilenfeld's years' long sexual abuse of multiple minor boys entrusted to his care at the St. Joseph's Home for Boys, an orphanage that he ran in Port-au-Prince, Haiti.

---

[1] The Defendant's detention hearing occurred in the District of Colorado because he was arrested in Colorado. *See* D. Colo. Case No. 24-mj-00012 (ECF Nos. 1, 10, 11, 15)[1]. Accordingly, all citations to docket entries refer to the District of Colorado case number unless otherwise noted.

### b. Arrest, Initial Appearance, and Motion for Detention

The Defendant was subsequently arrested in the District of Colorado on January 20, 2024, and had an initial appearance before a magistrate judge on January 22, 2024. *See* (ECF Nos. 1, 2, 4). The government sought to have the Defendant detained prior to trial as both a risk of flight and a danger to the community and another person under three statutory grounds: (1) Geilenfeld was charged with a felony that is not otherwise a crime of violence that involves a minor victim pursuant to § 3142(f)(1)(E); (2) there is a serious risk that Geilenfeld will flee pursuant to § 3142(f)(2)(A); and (3) there is a serious risk that Geilenfeld will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, a prospective witnesses in the case pursuant to § 3142(f)(2)(B). Because Geilenfeld was charged with a crime involving a minor victim, there is a rebuttable presumption that the Defendant is both a risk of flight and a danger to the community. *See* 18 U.S.C. § 3142(e)(3)(E).

### c. Detention Hearing

On January 26, 2024, the magistrate judge commenced Geilenfeld's detention hearing. (ECF No. 11). The detention hearing resumed on February 1, 2024, at which point the magistrate judge denied the government's motion for pretrial detention. (ECF No. 15). The magistrate judge then stayed his order pending a ruling from this Court on the government's appeal of the bond. *Id.* ("The court will stay the release order pending a ruling from the District Court in Florida. [ECF No.] 8 MOTION for Leave to File filed by Michael Karl Geilenfeld is granted but stayed pending appeal to the District Court in Florida.").

### d. Defendant's Transfer to the Southern District of Florida

After the conclusion of the hearing, the government promptly filed its appeal on February 7, 2024, (S.D.F.L. Case No. 24-CR-20008 at ECF No. 6). Upon doing so, the

government notified both this Court's chambers and Defendant's counsel in Colorado of the appeal via email. Thereafter, on February 20, 2024, Defense counsel advised this Court's CRD via email that the Defendant would be requesting Court appointed counsel to represent him. Defense counsel also agreed to have the Defendant transferred to this District in email correspondence with the government. Consequently, the government submitted a proposed order committing the Defendant to the Southern District of Florida, which the magistrate judge signed that same day. *See* (ECF No. 17).

On or about February 22, 2024, the undersigned spoke with the U.S. Marshals Office in Miami, Florida, and was advised that the U.S. Marshals Office in Denver, Colorado, had initiated the Defendant's transfer to this District and that the government did not need to take any additional steps to have the Defendant transported to Miami, Florida. On March 7, 2024, the undersigned followed up with the U.S. Marshals Office in this District and was advised that the Defendant had been manifested and was scheduled to arrive in approximately three weeks. Today, the undersigned was advised that the Defendant was supposed to depart from Colorado to Miami, Florida, today. However, his flight was canceled due to poor weather, and he is now scheduled to arrive on April 5, 2024.

## II.   MOTION TO STAY

The government anticipates that the Defendant may move the magistrate judge to end its stay of the bond order. As such, the government moves this Court to enter an order staying the magistrate judge's order granting a bond based on the pending appeal of the order, the government's diligent efforts to have the Defendant brought to this District, and the Defendant's need to have counsel appointed in this District and to respond to the government's appeal. The government sought the position of Robert Oberkoetter, Esq. and

Brian Leedy, Esq., the Defendant's counsel in Colorado,[2] on the instant motion. In response, Mr. Oberkoetter advised that the Defendant has no funds and needs court appointed counsel.

        Respectfully submitted,

        MARKENZY LAPOINTE
        UNITED STATES ATTORNEY

By: **Lacee Elizabeth Monk**
     Lacee Elizabeth Monk
     Assistant United States Attorney
     FL Bar No. 0100322
     99 N.E. 4th Street, Fifth Floor
     Miami, FL 33132
     Telephone (305) 961-9427
     Lacee.Monk@usdoj.gov

---

[2] Robert Oberkoetter, Esq. and Brian Leedy, Esq. represented the Defendant at the detention hearing before the magistrate judge. Neither Mr. Oberkoetter nor Mr. Leedy has filed a notice of appearance in the instant case, and both previously indicated to the government that the Defendant would need to have counsel appointed in this District.