UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>24-20008-CR-LEIBOWITZ(s)</u>

UNITED STATES OF AMERICA

vs.

MICHAEL KARL GEILENFELD,

      **Defendant.**
      _____/

## GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States of America, hereby files this motion for protective order, and respectfully requests that the Court enter the attached proposed order restricting the dissemination of material that will be disclosed to the defense pursuant to the standing discovery order. In support thereof, the government states as follows:

On January 18, 2024, a federal grand jury returned an indictment charging the Defendant with one count of Traveling in Foreign Commerce with the Purpose of Engaging in Illicit Sexual Conduct, in violation of Title 18, United States Code, Section 2423(b). (DE 3). On March 29, 2024, the Defendant was arraigned and the standing discovery order was entered. On April 11, 2024, the grand jury returned a superseding indictment, which added four counts of Engaging in Illicit Sexual Conduct in a Foreign Place, in violation of Title 18, United States Code, Section 2423(c). (DE 19). The government is prepared to timely respond to the standing discovery order.

The materials that are responsive to the standing discovery order include the personal identification information multiple individuals who were minors at the time they were sexually

assaulted by the Defendant. Though the government will redact that particular information from the materials to be disclosed to the Defendant, the material (such as reports, statements, and other records) nevertheless contains information which would cause substantial harm to the privacy and dignity of the minor victims, were it to be publicly released.

Federal Rule of Criminal Procedure Rule 16(d)(1) provides that the Court "may, for good cause, deny, restrict, or defer discovery or inspection" of discovery materials. The Court has broad discretion to regulate and restrict discovery and the disclosure of discovery materials. *See United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) (recognizing the "broad authority of the district court to regulate discovery"); *see also Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

Pursuant to the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, crime victims, including minor victims, possess a variety of statutory rights, including the "right to be reasonably protected from the accused" and the "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a). The CVRA directs the courts to ensure that crime victims are afforded their enumerated rights in any court proceeding involving an offense against a crime victim. 18 U.S.C. § 3771(b)(1). Further, attorneys for the government are empowered to assert a crime victim's rights under the CVRA. 18 U.S.C. § 3771(d)(1).

The victims in this case are additionally protected by 18 U.S.C. § 3509(d)(3), which permits the court to "issue an order protecting a child from public disclosure of the name or of any other information concerning the child in the course of the proceedings, if the court determines

that there is a significant possibility that such disclosure would be detrimental to the child," and that the protective order may "provide for any other measures that may be necessary to protect the privacy of the child."[1]  18 U.S.C. § 3509(d)(3)(A), (B)(ii).

Moreover, as explained in the government's pending Appeal of the Magistrate Judge's Order Denying the Government's Motion for Pre-Trial Detention (DE 6), multiple victims and potential witnesses have reported being threatened and retaliated against after reporting being abused by the Defendant.  For example, in at least one instance reported to law enforcement, a person working with the Defendant offered a victim money in exchange silence or denial of abuse, while another victim was stabbed by a friend of the Defendant.

In light of the foregoing, the government respectfully requests that the Court enter an order placing the following restrictions on the discovery materials to be made available to the Defendant in this case:

1. Counsel for the government and for the Defendant shall not provide the material responsive to the Standing Discovery Order to any person except as specified in the Court's order or by prior approval of the Court.

2. The Defendant shall possess the material responsive to the standing discovery order only in the presence of his counsel and only as necessary for counsel to prepare the case.

3. Employees of the government or defense counsel may possess the material

---

[1] The victims in this case were minors at the time of the Defendant's criminal conduct but are now over the age of 18. The protections of Section 3509 apply to victims who were minors at the time of the crime but are not minors at the time of their testimony. *See Lebowitz v. United States*, 2015 WL 630394, at *14 n.13 (N.D. Ga. 2015) (citing *Luttrell v. McDonald's Corp.*, 2004 WL 2750244, at *6 (S.D. Ind. 2004) ("[T]he protection of [a minor's] privacy will mean little if the cloak protecting that privacy disappears simply upon reaching the age of majority.")).

responsive to the standing discovery order, but only as necessary to prepare the case.

4. Counsel for the Defendant and the government shall refer to the victims in this case by their pseudonym (Minor Victim 1, Minor Victim 2, etc.) in any public filing. Should either party need to file something with the Court that would have the effect of identifying a victim, or that discusses any sensitive matters that would impact any victim, witness, or other civilian's dignity or privacy, such filings shall be submitted to the Court under seal.

5. Third parties contracted by the government or the defense to provide expert analysis or testimony may possess the material responsive to the standing discovery order, but only as necessary to prepare the case.

6. Counsel for the Defendant shall ensure that the Defendant and any third party that obtains access to the material responsive to the standing discovery order is provided a copy of the Court's order. No third party that obtains access to or possession of the material responsive to the standing discovery order shall retain such access or possession unless authorized by the Court's order. Any third party that obtains access to or possession of the material responsive to the standing discovery order shall promptly destroy or return the materials once the third party no longer requires access to or possession of the material responsive to the standing discovery order to assist in the preparation of the case.

7. Upon entry of final order of the Court in this matter and conclusion of any direct appeals, counsel for the government and the Defendant shall destroy or cause to be destroyed all copies of the material responsive to the standing discovery order, except that they may maintain copies in their closed case files following their ordinary procedures.

8. Counsel for the government and for the Defendant shall promptly report any known

violations of the Court's order to the Court.

Similar protective orders have been entered in other matters in the Southern District of Florida to ensure the integrity of sensitive information disclosed in discovery. *See, e.g., United States v. Flanders, et al.*, 11-20557-CR-KMM (DE 35, 76); *United States v. Williams*, 18-80053-CR-RLR (DE 22, attached as Exhibit A); *United States v. Price*, 13-20836-CR-UU (DE 27, attached as Exhibit B); *United States v. Baston*, 13-20914-CR-CMA (DE 26, attached as Exhibit C); *United States v. Plummer*, 20-14023-CR-KMM/SMM (DE 18, attached as Exhibit D); *United States v. Revay*, 13-60074-CR-RNS (DE 22); *United States v. Vargas, et al.*, 12-20247-CR-JEM (DE 19, 36); *United States v. Kevin Abarca*, 22-20505-CR-DPG (DE 17, attached as Exhibit E).

[THIS SPACE INTENTIONALLY LEFT BLANK]

The undersigned has conferred with D'Arsey Houlihan, counsel for the Defendant, who objects to to entry of the protective order sought insofar as it prohibits the Defendant from possessing discovery materials outside of the presence of counsel.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY: **Lacee Elizabeth Monk**
LACEE ELIZABETH MONK
Assistant United States Attorney
Florida Bar No. 100322
99 N. E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9427
Lacee.Monk@usdoj.gov

**Eduardo Palomo**
EDUARDO PALOMO
Trial Attorney
Texas Bar No. 24074847
U.S. Department of Justice
TEL (202) 579-5738
Edaurdo.palomo2@usdoj.gov

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, on April 12, 2024.

**Lacee Elizabeth Monk**
LACEE ELIZABETH MONK
Assistant United States Attorney

6