# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

Case No. 24-20008-CR-LEIBOWITZ

UNITED STATES OF AMERICA

 Plaintiff,

vs.

MICHAEL KARL GEILENFELD,

 Defendant.

                /

## DETENTION ORDER

**THIS MATTER** came before the Court on the Government's Appeal (District of Colorado) from Magistrate Judge's Order Denying the Government's Motion for Pre-trial Detention [ECF No. 6], filed February 7, 2024, pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f), to determine whether Michael Karl Geilenfeld (the "Defendant") should be detained pending trial. Having considered the statutory standards and factors enumerated in 18 U.S.C. §§ 3142 and 3145, as well as the entire record before the Court including the parties' memoranda, arguments, and evidentiary proffers, the Court finds that no condition or combination of conditions will reasonably assure the safety of any other person and the community or the appearance of the Defendant at future court proceedings. Therefore, as set forth herein, it is hereby **ORDERED** that the Defendant be detained prior to trial and until the conclusion thereof.

### Procedural History

The Defendant was indicted on January 18, 2024, charging him with travelling in foreign

commerce with the purpose of engaging in illicit sexual conduct in violation of Title 18 U.S.C. § 2423(b). The Defendant was arrested in the District of Colorado on January 20, 2024. At his initial presentment the Defendant waived his right to an identity hearing, and a bail/detention hearing was held and continued between January 25, 2024, and February 1, 2024. After the hearing concluded on February 1, 2024, the United States Magistrate Judge in the District of Colorado ordered the Defendant to be released on bond conditions, including the condition of home detention at a halfway house with GPS monitoring, and to report to the Southern District of Florida. The Government then requested a stay of that release order, and the Defendant was remanded to the custody of the United States Marshals Service to be brought to the Southern District of Florida. On February 7, the Government filed an appeal of the release order, pursuant to 18 U.S.C. § 3145.

On March 29, 2024, the Defendant was arraigned on the Indictment in the Southern District of Florida by United States Magistrate Judge Lisette M. Reid, and the Federal Defender was appointed counsel for the Defendant at that time. (The Defendant had retained counsel in Colorado.)

On April 8, 2024, this case was reassigned to the undersigned for all purposes. On April 11, 2024, the grand jury returned a five-count Superseding Indictment, charging the Defendant with one violation of 18 U.S.C. § 2423(b), and four violations of 18 U.S.C. § 2423(c). A hearing on the Government's appeal of the release order occurred on April 16, 2024 ("the April 16 Hearing"). Prior to the April 16 Hearing, the undersigned reviewed the following documents: (1) all transcripts of the bail/detention hearing held in the District of Colorado between January 25, 2024 thru February 1, 2024 [SDFL ECF No. 8]; (2) the Pretrial Services reports prepared in the Southern District of Florida and in the District of Colorado; (3) the Government's post-hearing

2

memorandum in support of the motion for detention [D. Colo. Docket No. 24-MJ-12, ECF No. 14]; (4) Defendant's Motion for Release on Personal Recognizance and Determination of Venue [D. Colo. ECF No. 8]; and (5) the Government's appeal of the release order [SDFL Docket 24-20008-CR, ECF No. 6].

The undersigned has also considered all the arguments and proffers of both sides provided at the April 16 Hearing.  Pursuant to 18 U.S.C. § 3145(i)(1), this Order memorializes my findings of fact and statement of reasons for detention, in addition to those stated on the record at the April 16 Hearing.  Consistent with the what the Eleventh Circuit has long explained, this Court's review of the submissions, evidence, proffers, and arguments in connection with the April 16 Hearing was an independent appraisal and a *de novo* review of the Colorado Magistrate Judge's bail/detention determination.  *See United States v. Hurtado*, 779 F.2d 1467, 1480-81 (11th Cir. 1985).

## Applicable Law

Under 18 U.S.C. § 3142(e)(1), pretrial detention is ordered only if the Court finds that no combination of conditions will reasonably assure the appearance of the person and the safety of the community.  The Government has the burden of persuasion to establish *either* risk of flight by a preponderance of the evidence *or* danger to the community by clear and convincing evidence. *See United States v. King*, 849 F.2d 485, 488-89 (11th Cir. 1988).  The Government's showing in support of detention and the Defendant's showing in support of release tracks the four-factor determination set forth in 18 U.S.C. § 3142(g).  The Government is seeking detention here on both grounds.

This is a "presumption" case on the issue of detention.  That is because the Bail Reform Act, 18 U.S.C. § 3142(e)(3)(E), states that "[s]ubject to rebuttal by the person, it shall be *presumed* that no condition or combination of conditions will reasonably assure the appearance of the

3

person as required and the safety of the community if" there is probable cause to believe that the person committed "an offense involving a minor victim under section . . . 2423 [of Title 18]." The Superseding Indictment supplies probable cause all by itself, so the presumption of detention applies here.

When the presumption under § 3142(e)(3) applies, the burden of production shifts to the Defendant. Importantly however, even if the Defendant meets his burden of production to overcome the presumption of detention, that presumption remains "as an evidentiary finding militating against release, to be weigh[ed] along with other evidence" relevant to the § 3142(g) analysis. *See King*, 849 F.2d at 488.

As an initial (and by itself, dispositive) matter, this Court does not find that the Defendant has rebutted the presumption of detention. Some of the facts proffered by the Defendant in Colorado have been corrected and clarified at the April 16 Hearing, including that there was not a prior failure to return an indictment in an investigation in North Carolina regarding similar subject matter (as defense counsel in Colorado had claimed). The crux of Defendant's evidentiary production in support of release with the conditions imposed after the Colorado hearing is that he is a 72-year-old man with no criminal history who has lived in Colorado since 2019. Counsel also noted that the Defendant has participated in civil lawsuits filed against him in connection with similar allegations in the past, including extensive discovery, depositions, and trial. Those facts are undisputed, but this Court finds that they do not rebut the presumption of detention in this case.

Moreover, beyond the statutory presumption and the Defendant's failure to dislodge it, review of the § 3142(g) factors leads this Court to conclude that pretrial detention should be ordered here on both grounds of risk of flight and danger to the community. The following are some highlighted facts (grouped according to each Section 3142(g) factor) that lead the

4

undersigned to this conclusion:

1. **Nature and Circumstances of the Offense**

The charges in the Superseding Indictment are extremely serious. The Defendant is charged in five counts with traveling in foreign commerce with the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b) (Count 1); and engaging in illicit sexual conduct in a foreign place, in violation of 18 U.S.C. § 2423(c) (Counts 2 through 5). If convicted, the Defendant faces a maximum sentence of thirty (30) years in prison on each count. Even a conservative Sentencing Guidelines calculation yields an advisory sentencing range that would, for all practical purposes, place the Defendant in prison for the rest of his life. The risk of flight is heightened as a result.

Also, the face of the Superseding Indictment and the facts proffered by the Government at the April 16 Hearing clearly raise the specter of danger to the community if the Defendant is released. The charges stem from allegations that from the late 1980s until approximately 2014, the Defendant sexually abused approximately 20 young boys that lived with him at an orphanage he operated in Haiti and after 2014 in the Dominican Republic. The Superseding Indictment includes four violations of § 2423(c), and in each count a different victim is listed (by pseudonym, such as "MINOR VICTIM 1"); all the sexual abuse alleged occurred between in or about 2007 and in or about 2010, when the victims were minors. The Superseding Indictment alleges illicit sexual conduct perpetrated by the Defendant, which the Government proffered at the April 16 Hearing as including the Defendant's "penetrating their anuses with his penis and penetrating their mouths with his penis." The nature and circumstances of the charges heightens danger to other persons and the community if release is granted.

**2. Weight of the Evidence**

The weight of the evidence against the Defendant is substantial and supports pretrial detention. The grand jury's indictment in this case establishes probable cause that the Defendant committed the charged offenses. Additionally, through its proffer at the April 16 Hearing, the Government has explained that four adult witnesses will testify at trial that the Defendant committed acts of sexual abuse against each of them at different times between 2007 and 2010 when they were minors. While that testimony is subject to cross examination and awaits a jury's determination as to its weight and credibility, the combined testimonial evidence proffered here presents a much stronger evidentiary picture than the Magistrate Judge heard in Colorado when it ruled last February.

Beyond the four testifying victims, the Government proffered additional corroborative detail at the April 16 Hearing as well. For example, one of the victims will testify that a close associate of the Defendant stabbed the sexual abuse victim, and deposition testimony of the Defendant confirms that the Defendant knew this about the associate while wire transfer records will show that the Defendant provided funds to the associate after the episode occurred.

The Government also proffered that when the Defendant was travelling from the United States to the Dominican Republic in 2019 (long after the alleged sexual abuse), the Defendant had in his possession a "dossier" with the faces and names of the persons the Government alleges were victims of the Defendant's sexual abuse, including the faces of victims who will testify at trial in connection with two of the charged counts. Additional proffered evidence includes several photo arrays that were shown to victim/witnesses in about 2019 or 2020 that identify the Defendant.

Other proffered evidence goes directly to the risk of flight. In a September 2022 deposition, the Defendant testified: "All of my efforts every day is to keep working to get back to

6

the Dominican Republic because that is my wealth, that is my life, that is everything." As stated previously, the statutory presumption also remains as evidence in support of pretrial detention.

Without multiplying examples further, the weight of the evidence is substantial and supports detention of the Defendant pretrial.

**3. History and Characteristics of the Defendant**

The Defendant is a 72-year-old man with no criminal history. But his overall personal history and characteristics, as set forth in the record before the undersigned, does not counsel in favor of pretrial release. Much of the Defendant's adult life demonstrates extensive ties to Haiti and the Dominican Republic, relatively little demonstrable connection to any community in the United States, and virtually no connection at all to the Southern District of Florida— the prosecuting district of this Indictment. (Venue for the Superseding Indictment is established by the Defendant's travel through Miami International Airport to and from Haiti and the Dominican Republic.) Even with respect to the Defendant's life in Colorado before his arrest, the Defendant only has a connection there since 2019, and he shows no significant employment, property, or family connection to Colorado. The Defendant has also represented through counsel that he is not financially able to travel from Colorado to Miami. The Court finds that the Defendant's ties to any community as presented by this record (in either Colorado or the Southern District of Florida) are insufficient under the circumstances presented in this case to adequately assure the Defendant's appearance at future court proceedings.

**4. Nature and Seriousness of Danger to the Community**

The charges of the Superseding Indictment and the Government's evidentiary proffers were not seriously challenged at the April 16 Hearing and paint a picture of conduct that presents

obvious and patent danger to any community and children who might live there if the Defendant was released. When the Government seeks to detain a criminal defendant pending trial because he poses a flight risk, it must prove by a preponderance of the evidence that no condition or combination of conditions will reasonably assure his presence at trial. *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985). When a seeking to detain a defendant based on a potential danger to the community, the government must present clear and convincing evidence that the defendant poses such a danger that no condition or combination of conditions will reasonably assure the safety of any other person and the community. *See* 18 U.S.C. § 3142(f).

Based on the above findings of fact, and in light of the premeditated nature of the violent and dangerous offenses charged, the substantial weight of the evidence against the Defendant, the lengthy sentence that the Defendant faces if convicted, the lack of meaningful community ties in the United States, the Defendant's extensive history and connection to Haiti and the Dominican Republic and his stated desire to return to the Dominican Republic, the Court finds by clear and convincing evidence that the Defendant presents *both* a serious risk of flight and a danger to the community, *and* that no condition or combination of conditions will reasonably assure the safety of the community and his appearance as required.

*****

For the reasons stated above, and pursuant to 18 U.S.C. §§ 3142 and 3145, the Court hereby **ORDERS** that:

1. The Government's Appeal [ECF No. 6] is **GRANTED;**
2. The Defendant is to be DETAINED pretrial and is NOT TO BE RELEASED on bond;
3. The Defendant is to be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from

8

      persons awaiting or serving sentences or being held in custody pending appeal;

4. The Defendant is to be afforded reasonable opportunity for private consultation with his counsel; and

5. On Order of the Court or on request of an attorney for Government, the person in charge of the corrections facility in which the Defendant is confined must deliver the Defendant to a United States Marshal for the purpose of court appearance in connection with this case.

Although this written order is entered on this 18th day of April, the Court announced its decision regarding pretrial detention on the record at the April 16 Hearing. Therefore, this Order is effective as of April 16, 2024.

**DONE AND ORDERED** in the Southern District of Florida, this 18th day of April, 2024.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record