UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>24-20008-CR-LEIBOWITZ(s)</u>

**UNITED STATES OF AMERICA**

vs.

**MICHAEL KARL GEILENFELD,**

    **Defendant.**
_____/

**THE UNITED STATES' NOTICE OF INTENT
TO INTRODUCE EXPERT TESTIMONY**

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and this Court's Order Setting Trial and Pretrial Schedule (ECF No. 30), the United States hereby provides notice of its intent to introduce expert testimony as follows:

**I. Professor Cécile Accilien, Ph.D (Expert on Haitian Culture and Country Conditions)**

    A.    <u>Qualifications</u>

Professor Cécile Accilien, Ph.D., is an expert on Haitian culture and country conditions. As further set forth in her curriculum vitae (attached), Professor Accilien currently serves at the University of Maryland (College Park) as Professor of French and Francophone Studies; Affiliate Faculty for the Harriet Tubman Department of Women, Gender, and Sexuality Studies; and Affiliate Faculty for the Latin American and Caribbean Studies Center, among other roles. Professor Accilien previously taught at the University of Kansas where she served as Director of the Institute of Haitian Studies from 2015-2020.

Professor Accilien's area of study includes Francophone African and Caribbean Literatures and Cultures; Gender and Sexuality Studies; and Film and Media Studies. She has taught undergraduate and graduate courses on Haiti and Haitian culture; authored and edited

books, journal articles, and other publications on Haiti and Haitian culture, including in the *Journal of Haitian Studies* (the refereed journal dedicated to scholarship on Haiti, and for which she has also served as a reviewer); and spoken at numerous conferences, on the radio (including NPR), and elsewhere about Haitian culture and country conditions.

Professor Accilien is president of the Haitian Studies Association, which "supports scholarship on Haiti and provides a forum for the exchange and dissemination of ideas and knowledge in order to inform pedagogy, practice, and policy about Haiti in an international community." Prior to her service as president, she was a board member for the Haitian Studies Association from 2019-2022.

As Director of the Institute of Haitian Studies from 2015-2020, Professor Accilien served as coordinator of Haitian Creole and Haitian Studies, obtained funding to establish service-learning programs in Haiti, and oversaw programming and events related to Haitian Studies.

Professor Accilien was born in Haiti and lived there for over a decade. She obtained her bachelor's degree in French Literature and Civilization, her master's degree in Francophone Studies, and her doctorate in French Studies, in the United States. She has maintained both professional and personal connections to Haiti, including travels to Haiti through 2018.

Professor Accilien's publications are included in the attached curriculum vitae. She has not testified in any cases in the past 4 years.

B. <u>Summary of Opinions</u>

Professor Accilien is expected to testify about the particular difficulty for Haitian males to disclose sexual abuse, especially male-on-male child sexual abuse, because of the stigma and cultural norms surrounding sexuality, homosexuality, and respect for elders, in Haiti. Professor Accilien is expected to testify that sexuality in general is a taboo subject in Haiti, and that

homosexuality is widely vilified. Haitians are also expected to respect their elders, to a degree not present in much of American society. Accordingly, a Haitian child (or man) disclosing male-on-male child sexual abuse is likely to be subject to severe stigma, demonization, revictimization, and/or violence.

Professor Accilien is further expected to testify about the power disparities in Haiti that facilitate the occurrence of sexual abuse of children, particularly when the perpetrator is a foreigner, white, "blanc," a U.S. citizen, and/or is relatively wealthy. Professor Accilien is expected to testify that, as one of the poorest countries in the world, and as a country where lighter skin color is prized, Haitian children are particularly susceptible to exploitation and abuse by foreigners (especially light-skinned Americans), who travel to, work, volunteer, and/or reside in Haiti, often under the guise of charitable work. Professor Accilien is expected to testify that corruption and bribery are rampant (though of course not universal), and that a lack of infrastructure and resources, including in the "child protective," police, and judicial systems, has resulted in charitable organizations—including orphanages and homes/schools/programs for children—that operate, at best, with effectively no oversight and, at worst, as a front for sexual and financial exploitation.

Professor Accilien is further expected to testify to the record-keeping system, or lack thereof, for Haitian institutions, including but not limited to hospitals, pharmacies, and hotels. She is expected to testify that if and when records are kept, they are generally handwritten rather than electronic (including because of lack of electricity), that organization and retention of them is generally poor and very different than record-keeping systems expected in the United States, and that to the extent records did exist prior to the devastating earthquake in 2010, many to most such records would have been destroyed during the earthquake. Accordingly, it is not

uncommon for there to be a lack of documentation of events that occurred at a Haitian entity. Conversely, Professor Accilien is expected to testify that falsification of documents (including birth certificates) is common, and that with the amount of money that a typical American has access to, one can easily circumvent legal standards, rules, laws, and policies.

In sum, Professor Accilien is expected to testify that Haiti's unique history, culture, and country conditions have resulted in an environment where child sexual abuse is even more difficult to prevent, detect, and address than jurors (who necessarily live in and are familiar with the United States) would expect.

C. <u>Bases and Reasons for Opinions</u>

Professor Accilien's opinions and other statements are based on her decades-long experience with Haiti, including her time living, working, and visiting there; her academic and research studies, including review of publications, literature, film, and other media; and her communications with individuals in and about Haiti.

Professor Accilien will be serving as a "blind" expert witness—i.e., she has not met the victims or other witnesses, and she has not reviewed their statements or other discovery materials from the case file; she will be testifying based on her preexisting knowledge and expertise in the field of Haitian culture and country conditions, rather than to the specific facts of this case (though she may be asked to answer hypothetical questions regarding fact patterns that mirror the evidence elicited during trial).

In accordance with Fed. R. Crim. P. 16(a)(1)(G)(v), I approve this disclosure:

*Cécile Accilien*

Cécile Accilien, Ph.D

## II. Dr. Sharon Cooper (Developmental and Forensic Pediatrician)

### A. Qualifications

Dr. Cooper is a forensic pediatrician with over 30 years of experience treating thousands of children who experienced sexual abuse and all forms of child maltreatment. Dr. Cooper is licensed by the North Carolina Medical Board as a physician and is certified by the American Board of Pediatrics. Over the course of her career, Dr. Cooper has studied the social, psychological, and medical conditions surrounding child sexual abuse to assist in identifying and treating victims.

Between 1976 and 1996, Dr. Cooper served in the U.S. Army as a pediatrician at U.S. military installations worldwide and she served as the Chief of the Department of Pediatrics and Chief of Developmental Pediatric Services at three separate Army hospitals. She was designated as the Child Maltreatment Pediatrician from 1980 until her military retirement in 1997. Dr. Cooper joined the medical staff of Womack Army Medical Center as a civilian as the Developmental and Forensic Pediatrician for the subsequent 25 years. From 1997, Dr. Cooper was selected to the Child Medical Examination Program at the University of North Carolina at Chapel Hill Medical School. In addition to her clinical practice of evaluating and treating victims of all forms of child maltreatment including child sexual abuse and exploitation, Dr. Cooper has served as an adjunct professor of Pediatrics for over 25 years at the Uniformed Services University of the Health Sciences in Bethesda, Maryland and at the University of North Carolina at Chapel Hill, School of Medicine, Department of Pediatrics. Over the course of her clinical career, Dr. Cooper's practice has focused on all aspects of child maltreatment to include child victims of sexual abuse and children with developmental and behavioral pediatric diagnoses.

Dr. Cooper is a Fellow at the American Academy of Pediatrics, the Society of

Developmental Pediatrics, and the American Academy of Cerebral Palsy and Developmental Medicine. Dr. Cooper further served as a Board Member of the American Professional Society on the Abuse of Children, the National Center for Missing and Exploited Children (NCMEC), the Rape Crisis Center of Cumberland County North Carolina, and the International Working Group on Survivors of Abusive Imagery.

During her career, Dr. Cooper has presented hundreds of educational seminars and published numerous chapters in medical texts on child maltreatment and academic papers on the medical and psychological aspects of child sexual abuse. Dr. Cooper has contributed chapters in several peer-reviewed textbooks, including *Medical Evaluation of Child Sexual Abuse: A Practical Guide* (2019), "The Medical Aspects of Victim Vulnerabilities in Child Sexual Exploitation" in the *Handbook of Behavioral Criminology* (2017), "The Medical Problems for Missing and Exploited Persons" in *Perspectives on Missing Persons Cases* (2015), "Child Sexual Exploitation" in *Medical Responses to Child Sexual Abuse: A Resource for Professionals Working with Children and Families* (2011), and "Child Sexual Exploitation Recognition and Prevention Considerations" in *Medical Evaluation of Child Sexual Abuse: A Practical Guide* (2009). Dr. Cooper is the lead author and editor of a two-volume, 1400-page textbook on child sexual exploitation in which she selected scientific and academic studies and contributed by national and internation experts who participated in the peer review process. *See* Cooper, et al., *Medical, Legal, and Social Science Aspects of Child Sexual Exploitation, A Comprehensive Review of Pornography, Prostitution, and Internet Crimes*, G.W. Med. Pub., Inc. (2005).

Dr. Cooper has testified before Congress about the social, medical, and psychological conditions related to child sexual abuse and exploitation has authored reports on child sexual abuse for the U.S. Sentencing Commission, the Attorney General's National Task Force on

Children Exposed to Violence, and the Department of Homeland Security Advisory Council.

During her career, Dr. Cooper has treated thousands of victims of child maltreatment including sexual abuse and exploitation and has testified as an expert witness in military, state, and federal courts over 300 times.[1] No court has refused to qualify Dr. Cooper as an expert in forensic pediatrics.

The attached curriculum vitae details the cases in which Dr. Cooper has testified in the last four years and material that she has published in the last ten years.

B.  Summary of Opinions

Dr. Cooper's testimony will include discussion of 1) delayed disclosure of child sexual abuse; 2) the effects of anal penetration; and 3) the social and psychological nuances of child sexual abuse, grooming, and other conditions that make children more vulnerable to and less likely to disclose sexual abuse.

First, Dr. Cooper will testify about the circumstances which contribute to delayed disclosure in child sexual abuse cases and the medical significance of delayed disclosure. She will testify that the circumstances of delayed disclosure are not commonly known and that a substantial body of academic and scientific literature is devoted to the study of delayed disclosure. She will explain that delayed disclosure happens when the victim does not make an immediate report about his or her experience of child sexual abuse. She will testify that the scientific literature shows that that the majority of abused children do not reveal abuse during childhood and that delays of over 10 years between the abuse and later disclosure are common. She will testify that disclosure of child sexual abuse is a complex process and that children experience multiple barriers to disclosure. She will testify about the relationship between the

---

[1] *See, e.g.*, *United States v. Hayes*, 434 F. App'x 94, 97 (3d Cir. 2011) (testimony "on the general topic of the sexual exploitation of children"); *United States v. King*, 703 F. Supp. 2d 1063, 1070 (D. Haw. 2010).

disclosure of sexual abuse and poverty, relaxed legal enforcement environments, and social responses to disclosures of child sexual abuse (particularly where both the offender and the victim are male). She will testify about other circumstances which contribute to delayed reports, including the developmental level of a victim's communication skills, the lack of understanding of the nature of the abuse (particularly if the victim is a minor), and the impact of the psychological and physical trauma if the abuses are repetitive. She will testify that it is common for victims of child sexual abuse not to have a perfect recall of the entire timeline and details of their abuse, and that it is common for victims to focus on the overarching circumstances of what happened to them or on particular details that might—to an outsider—seem insignificant rather than what a layperson might otherwise expect a victim to recall.

 Second, Dr. Cooper will testify about the effects of anal penetration. She will testify that the effects of anal penetration are not well understood by laypersons. She will testify that infrequent or isolated incidences of anal penetration may or may not cause anal fissures, bleeding, or lasting changes to the anal opening. She will explain that the anus is relatively elastic, that anal tissue may heal more quickly than other skin surfaces, and that anal fissures can heal in a matter of days. She will testify that use of lubricants can reduce anal tissue damage during penetration of the anus by a penis. She will testify that recurrent penetration of a minor's anus may result in smoothing of the anal rugae from small tears that heal, replacement of muscle surrounding the anus with fibrous scar tissue, (at times) extreme inflammation and distention of the colon ("toxic megacolon"), chronic constipation, and involuntary passing of stool into the clothing ("encopresis").

 Third, Dr. Cooper's testimony will explain conditions which make minors uniquely susceptible or compliant to sexual abuse and circumstances which offer offenders opportunities

to sexually abuse children and avoid detection, including societal attitudes toward children and youth; the strength of a minor's connectedness to the larger society and their role in it; extreme poverty; and the adequacy of societal response to crimes, including to sexual crimes committed against children. She will explain that "grooming" includes strategies used by child sex offenders to gain access to the child, to desensitize the child for purposes of eventual sexual contact, and to reduce the risk of exposure or disclosure by the victim.

### C. Bases and Reasons for Opinions

Dr. Cooper is one of the nation's leading authorities on the psychological and medical circumstances surrounding the sexual abuse of children and her expected testimony is beyond the ordinary juror's knowledge or experience. In view of Dr. Cooper's substantial knowledge, skill, experience, training, and education focusing on the identification and treatment of children who have been sexually abused, her testimony will assist the jury in understanding the context of the charged offenses and the circumstances of the victims' and the defendant's conduct. Dr. Cooper's opinions and other statements are based on her decades of clinical experience treating thousands of victims of child sexual abuse, her academic and scientific research, including her publications identified in her *curriculum vitae*, and her review of peer-reviewed scholarly and scientific literature concerning the sexual abuse of children. These studies involve quantitative and qualitative research conducted by Dr. Cooper and other researchers using reliable principles and methods. Dr. Cooper will rely on her academic experience and clinical expertise to explain how these principles apply to the facts of the case at bar.

Dr. Cooper will be serving as a "blind" expert witness—i.e., she has not met the victims or other witnesses, and she has not reviewed their statements or other discovery materials from the case file; she will be testifying based on her preexisting knowledge, skill, experience,

5

training, or education, rather than to the specific facts of this case (though she may be asked to answer hypothetical questions regarding fact patterns that mirror the evidence elicited during trial).

In accordance with Fed. R. Crim. P. 16(a)(1)(G)(v), I approve this disclosure:

_____
Sharon Cooper, M.D.

**Reservation of Rights**

Because the Defendant has not provided notice of any experts under Rule 16 to date, the Government's instant disclosure does not identify any experts that it may use at trial "during its rebuttal to counter testimony that the defendant has timely disclosed." Fed. R. Crim. P. 16(a)(1)(G)(i).[2] If the Defendant discloses any experts under Rule 16(b)(1)(C), the Government reserves all its rights to designate additional rebuttal experts or topics of potential testimony or to raise any objections.

Respectfully submitted,
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: /s/ Lacee Elizabeth Monk
Lacee Elizabeth Monk
Assistant United States Attorney
Florida Bar No.100322
99 NE 4th Street
Miami, Florida 33132-2111
Phone: (305) 961-9427
Email: Lacee.Monk@usdoj.gov

/s/ Jessica L. Urban
Jessica L. Urban
Florida Special Bar ID No. A5503222
Trial Attorney
Child Exploitation and Obscenity Section
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, DC 20005
Phone: (202) 353-4146
Jessica.Urban@usdoj.gov

---

[2] The Government's instant disclosure of expert witnesses also serves as the Government's request for notice of expert testimony by the Defendant, pursuant to Rule 16 and the scheduling order in this case.

7

*/s/ Eduardo Palomo*
Eduardo Palomo
Florida Special Bar ID No. A5503186
Trial Attorney
Child Exploitation and Obscenity Section
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, DC 20005
Phone: (202) 305-9635
Eduardo.Palomo2@usdoj.gov

8

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 30, 2024, I filed this document electronically using the CM/ECF system and thereby caused a copy of the same to be served on all counsel of record.

    */s/ Eduardo Palomo*
    Eduardo Palomo
    Trial Attorney