UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20008-CR-DSL

UNITED STATES OF AMERICA,

    Plaintiff,
v.

MICHAEL KARL GEILENFELD,

    Defendant.
_____/

**OMNIBUS MOTION IN LIMINE AND MOTION TO COMPEL**

The defendant, through undersigned counsel, files this motion to exclude the Government's proposed 413, 414 and 404(b) evidence and states:

**1. Motion to Exclude 413, 414, and 404(b) Evidence**

On August 30, 2024, the government filed a Notice pursuant to Federal Rules of Evidence 413, 414 and 404(b) asserting that it will seek to admit evidence that Mr. Geilenfeld committed other acts of child molestation that have not been charged in the indictment in this matter. DE 37. Mr. Geilenfeld objects to the admission of this evidence.

Mr. Geilenfeld has been charged by indictment with one count of traveling in interstate commerce with the purpose of engaging in illicit sexual contact in violation of 18U.S.C. §2423(b) and with four counts of

engaging in illicit sexual conduct in a foreign place in violation of 18 U.S.C. §2423(c). In its Notice, the Government seeks to introduce evidence from at least *eleven* additional alleged victims who will testify that they were sexually abused by Mr. Geilenfeld as well as three other witnesses who will testify to matters other than prior alleged assaults.

Federal Rule of Evidence 413 allows the admission of evidence that the defendant committed any other sexual assault in a criminal case where the defendant is accused of sexual assault. Similar to Rule 413, Rule 414 permits the admission of evidence that the defendant committed any other child molestation in cases where the defendant is accused of child molestation. The evidence can be considered for all relevant purposes. "Thus, Rules 413 and 414 permit the introduction of propensity evidence and thus contain exceptions to Rule 404(b)'s general ban on propensity evidence in 'sexual assault' and 'child molestation' cases. *United States v. Brimm*, 608 F. App'x 795, 798 (11th Cir. 2015) (citations omitted).

Before admitting such evidence, the proffered evidence must meet three threshold requirements: (1) the defendant is accused of a sexual-assault offense; (2) the evidence is of another sexual-assault offense by the defendant; and (3) the evidence is relevant. *See, United States v. Carino*, 368 F. App'x 929, 929 (11th Cir. 2010). Nonetheless, evidence sought to be

2

admitted under Rules 413 and 414 is still subject to Rule 403's balancing test. *United States v. Woods*, 684 F.3d 1045, 1064 (11th Cir.2012) (concluding that evidence admitted under Rule 414 must also meet the requirements of Rule 403). Rule 403's balancing test provides that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *United States v. Oury*, 568 F. Supp. 3d 1380, 1389–90 (S.D. Ga. 2021).

In the instant case, the government's proposed 413 and 414 evidence fails the 403 balancing test. Mr. Geilenfeld has been charged with offenses involving four minors. The government proposes to admit evidence related to as many as fourteen additional alleged victims. If the Court were to permit the government's proposed 413 and 414 evidence, the evidence related to those issues would likely be several times more voluminous than the evidence related to the actual charges Mr. Geilenfeld has been accused of. In other words, the trial in this matter would devolve into a series of "mini-trials" focused on each of the eleven to fourteen Rule 413 and 414 witnesses and would shift the focus away from the evidence related to the actual charges in the indictment. The result is unfair prejudice, a

substantial risk of misleading the jury, undue delay and needlessly presenting cumulative evidence. In addition to the danger of unfair prejudice, the proffered evidence is not relevant. For example, the government has proffered that witness G "may testify" that Mr. Geilenfeld sexually abused him. Victims K, L, M, and N appear to allege that sexual abuse occurred approximately ten years before the events outlined in the indictment.

Also, the Government has proffered that it will call witnesses pursuant to Federal Rule of Evidence 404(b). The government proffers that witness 1 will testify that he observed boys enter Mr. Geilenfeld's room and remain there alone. Witness 1 apparently cannot testify that Mr. Geilenfeld assaulted any of these individuals nor can he identify any of these individuals as the alleged victims in this matter. This testimony would invite the jury to speculate that these individuals were sexually assaulted even though there is no evidence to support such a conclusion. Witness 2 will be offered to testify that Mr. Geilenfeld invited unknown individuals to his room, that he treated some boys differently than others, and that, on occasion, he expelled children from SJHB. Again, there is no indication that the proposed testimony relates to any of the individuals named in the indictment and would invite the jury to engage in speculation. Finally,

witness 3 will testify that he saw Mr. Geilenfeld physically discipline children. This is "other bad act" is not relevant to the charges in this matter and would be offered purely to show that Mr. Geilenfeld beat children and is therefore a bad person.

Before admitting such evidence, the Court must find (1) the evidence must be relevant to an issue other than the defendant's character; (2) the probative value must not be substantially outweighed by its undue prejudice; and (3) the government must offer sufficient proof so that the jury could find the defendant committed the act. *United States v. Gates*, 351 F. App'x 362, 367 (11th Cir. 2009). In this case, the testimony of witnesses 1 and 2 invites speculation and is irrelevant. The testimony of witness 3 regarding physical abuse is also not relevant to any issue other than Mr. Geilenfeld's alleged bad character. Mr. Geilenfeld urges the Court to exclude the government's proffered evidence or, in the alternative, conduct a pretrial hearing where these witnesses' and victims' testimony can be taken and can be evaluated more thoroughly to determine its admissibility.

**2. Motion to exclude Expert Testimony**

Under the Federal Rules of Evidence, expert testimony is admissible if (1) the expert is qualified to testify on the subject matter of his testimony;

(2) the methodology that the expert used to reach their conclusions is sufficiently reliable; and (3) the expert's testimony will assist the trier of fact in understanding the evidence or in determining a fact at issue. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir.2004) (en banc). Before permitting expert testimony, the district court must determine whether the expert's methodology is reliable. *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir.2005).

The government has proffered two expert witnesses, Professor Cécile Accilien, Ph.D and Dr. Sharon Cooper. Professor Accilien is proffered as an expert in Haitian culture and country conditions. Professor Accilien is expected to testify that it is difficult for Haitian males to disclose abuse, that "power disparities in Haiti … facilitate sexual abuse of children" and that record-keeping systems in Haiti are primitive and error-prone. Dr. Cooper is expected to testify regarding delayed disclosure of child sexual, the effects of anal penetration; and the factors that make children more vulnerable to and less likely to disclose sexual abuse.

**Professor Accilien**

As an initial matter, Mr. Geilenfeld objects to the relevance of this testimony. For expert testimony to be admissible under Rule 702 it must assist the trier of fact; "expert testimony is admissible if it concerns matters

6

that are beyond the understanding of the average lay person." *United States v. Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004). That a victim would be reluctant to disclose sexual abuse, particularly same-sex sexual abuse is within the understanding of the average lay person, as is the assertion that power disparities facilitate sexual abuse. There have been a number of recent high-profile sexual abuse cases -- the matter involving Harvey Weinstein, the movie producer is just one example -- where the impact of power dynamics facilitated sexual abuse. This issue is well within the average juror's understanding and consequently, is not an appropriate subject of expert testimony. With regard to the quality of Haitian record-keeping, the matter is irrelevant to the charges in this case. Consequently, Professor Accilien's testimony should not be admitted. Should the Court conclude that the proffered testimony may be relevant and helpful the jury, Mr. Geilenfeld requests that the Court schedule a *Daubert* hearing. Professor Accilien's opinions are based on her experience and study rather than scientific opinion, consequently a hearing to examine the reliability of her opinion is warranted. *See, Clark v. Takata Corp.*, 192 F.3d 750, 758 (7th Cir.1999) ("In determining whether an expert's testimony is reliable, the Daubert factors are applicable in cases where an expert eschews reliance on

7

any rigorous methodology and instead purports to base his opinion merely on 'experience' or 'training.' ").

### Dr. Cooper

The proffered testimony of Dr. Cooper overlaps substantially with that of Professor Accilien. The first and third areas of Dr. Cooper's testimony also contain substantial overlap – delayed disclosure and why certain individuals would be less likely to disclose abuse. Again, Mr. Geilenfeld maintains that these are topics that are within the understanding of the average juror and expert testimony is not helpful. With regard to the second topic of testimony, the effects of anal penetration, Mr. Geilenfeld maintains that this topic is not relevant to any issue in dispute in this case. If the Court is inclined to find that the proffered evidence is potentially relevant and admissible, Mr. Geilenfeld urges the Court to conduct a *Daubert* hearing in order to determine whether the proffered evidence is supported by science and is reliable.

### 3. Motion to disclose information pursuant to *Brady* and its progeny.

For nearly twenty years, two self-described children's advocates, P. K. and V. D. have been aggressively pursuing Mr. Geilenfeld. Based on

information disclosed to defense counsel's investigator, the defense has reason to believe that one or both of these individuals have offered inducements to any individual with a connection to St. Joseph's Family to provide testimony to inculpate Mr. Geilenfeld. These inducements have included money, food, clothing, stays at luxury hotels, accommodations, etc. Pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny, Mr. Geilenfeld moves the Court for an order directing the government to disclose any inducements or benefits conferred or promised to the government's witnesses in connection with their testimony, whether by the government or by a third party of which the government is aware.  Such inducements would be relevant impeachment evidence to which the defendant is entitled. *See, Giglio v. United States*, 405 U.S. 150, 154, 92 S. Ct. 763, 766, 31 L. Ed. 2d 104 (1972) *citing Napue v. People of State of Ill.*, 360 U.S. 264, 268, 79 S. Ct. 1173, 1176, 3 L. Ed. 2d 1217 (1959) (When the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within this general rule).

Pursuant to the Court's Trial Order (DE 30), undersigned counsel has conferred via telephone with AUSA Urban regarding the issues raised in this omnibus motion.

Respectfully Submitted,

HECTOR A. DOPICO
INTERIM FEDERAL PUBLIC DEFENDER

BY:  *s/R. D'Arsey Houlihan*
R. D'Arsey Houlihan
Supervisory Assistant Federal Public Defender
Florida Bar No. 100536
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
(305) 530-7000
(305) 536-4559, Fax
E-Mail: d'arsey_houlihan@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on **September 10, 2024**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/R. D'Arsey Houlihan*
R. D'Arsey Houlihan
