UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20008-CR-DSL

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL KARL GEILENFELD,

    Defendant.

_____/

# RESPONSE IN OPPOSITION TO GOVERNMENT'S OMNIBUS MOTION *IN LIMINE*

The defendant, through undersigned counsel, files this motion in response to the government's Omnibus Motion *in Limine* Regarding Trial Evidence and States:

**1. To Preclude Reference to Sentences/Punishment**

The Defense agrees that the government's Motion correctly states the law on this issue and agrees that reference to possible sentences should be precluded.

## 2. To Preclude Improper Character Evidence

The Federal Rules of Evidence provides that "a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." Fed. R. Evid. 404(a)(2)(A). At this stage, Mr. Geilenfeld has not identified evidence relevant to a pertinent character trait which he intends to introduce at trial. Consequently, he believes that a ruling on this issue is premature. The government's Motion provides only very general descriptions of the types of evidence that it seeks to preclude, the only specifics being that Mr. Geilenfeld should not be able to introduce evidence of his background, or the testimony of witnesses who were neither abused nor witnessed abuse.  Evidence concerning Mr. Geilenfeld's background is relevant and admissible as discussed below. Testimony of witnesses concerning their experiences is not character evidence and therefore is not relevant to an analysis under Rule 404(a)(2)(A).

Should Mr. Geilenfeld elect to testify at trial, testimony concerning his family, personal and professional background is certainly relevant to show who he is generally and how he came to establish St. Joseph's Home for Boys ("SJHB"). Such testimony concerning his background would be indispensable and relevant foundation for the jury to hear and consider.

2

Limiting Mr. Geilenfeld to testifying that he established SJHB without explaining how he came to do that would leave the jury without critical evidence to explain Mr. Geilenfeld's involvement in SJHB. *See, United States v. Jakits*, No. 2:22-CR-194, 2023 WL 3191567, at *5 (S.D. Ohio May 2, 2023) (holding that testimony concerning defendant's family relationships, engagement in particular communities, "are merely facts of his life" and "[w]ithin reason, Defendant may "discuss these facts as relevant foundation for his testimony"). Consequently, Mr. Geilenfeld's professional experiences are relevant and admissible and do not qualify as improper character evidence.

3. **To Preclude Evidence of, and Reference to, Other Prosecutions and Litigation, Investigations, and Proceedings Concerning Allegations of Abuse Against Geilenfeld, As Irrelevant and Creating a Danger of Unfair Prejudice, Confusing the Issues, and Misleading the Jury**
4.

As the Court is aware, and as the Government's Motion outlines, Mr. Geilenfeld has been investigated on numerous occasions and has been involved in extensive litigation concerning, in some instances, the precise allegations involved in this matter. While prior investigations and litigation did not related to alleged victims in counts 2 through 4 in the indictment,

3

those prior matters did involve the alleged victim in count 5 as well as a number of the witnesses the government seeks to call pursuant to Rules 404(b), 413 and 414.

The government seeks to use the Federal Rules of Evidence as both a sword and a shield. The government seeks to prevent Mr. Geilenfeld from introducing relevant evidence to demonstrate that the allegations made by witnesses the government intends to call have been examined and found wanting, but seeks to introduce that same evidence under Rules 404(b), 413 and 414 without relevant and essential background. The government argues that the investigations "largely addressed time periods different than those charged in this case" (DE 39, 6) yet argues that such a distinction is of no moment when the government is seeking to admit 413 and 414 evidence. The government further argues that the introduction of evidence concerning prior investigations and litigation would require the government to present "significant additional evidence" and that that would result in "mini trials within [the instant] trial." DE 39 at 7. Once again, the government asserts that such concerns when raised by the defense concerning the 413 and 414 evidence are irrelevant. In essence, the government seeks wide latitude to admit any evidence it believes to be inculpatory, while asking the Court to rule very narrowly and preclude any exculpatory evidence.

4

Mr. Geilenfeld asserts that admission of evidence concerning investigations that interviewed the very witnesses the government seeks to call in this matter and which resulted in no charges being filed, and litigation which resulted in a jury finding that Mr. Geilenfeld had proven by a preponderance of evidence that these allegations defamed him are relevant and admissible. This evidence will create no more distraction or confusion than the government's 413 and 414 evidence and to exclude such evidence violates his rights to a full and fair defense.

Respectfully Submitted,

HECTOR A. DOPICO
INTERIM FEDERAL PUBLIC DEFENDER

BY:   *s/R. D'Arsey Houlihan*
     R. D'Arsey Houlihan
     Supervisory Assistant Federal Public Defender
     Florida Bar No. 100536
     150 W. Flagler Street, Suite 1700
     Miami, Florida 33130-1556
     (305) 530-7000
     (305) 536-4559, Fax
     E-Mail:  d'arsey_houlihan@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on **September 24, 2024**, I electronically filed

the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/R. D'Arsey Houlihan*
R. D'Arsey Houlihan