**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-20008-CR-LEIBOWITZ(s)**

**UNITED STATES OF AMERICA**

vs.

**MICHAEL KARL GEILENFELD,**

    **Defendant.**
_____/

**UNITED STATES OF AMERICA'S SUPPLEMENTAL
NOTICE PURSUANT TO FEDERAL RULES OF EVIDENCE 413, 414, AND 404(b),
AND MOTION *IN LIMINE* TO ADMIT SUCH EVIDENCE**

The United States hereby submits this supplemental notice regarding evidence it may seek to introduce at trial pursuant to Federal Rules of Evidence 404(b), 413, and/or 414, and moves *in limine* for a ruling that such evidence is admissible. This evidence, as further set forth below, is similar in nature to the evidence previously noticed by the United States (*see* ECF No. 37) and that is the subject of the parties' motions *in limine* that will be argued at the motions hearing on November 12, 2024 (*see* ECF Nos. 39, 40, 42). In preparing for the hearing and assessing the universe of evidence, the United States determined that the original notice did not specifically identify a few additional victims/witnesses whom the United States may seek to call or about whom the United States may seek to have the already-identified victims/witnesses testify. The United States is thus setting forth the additional information here, incorporates by reference the legal arguments it made in its prior filings (which arguments remain applicable here), and respectfully requests that such evidence be deemed among the pool of admissible evidence on which it may draw at trial.

Witness 4:  Witness 4 is an American who visited SJHB from approximately 1986 to 2001 on a yearly basis.  During Witness 4's stays at SJHB, Witness 4 observed violence and punishment of child residents by the Defendant.  For example, Witness 4 observed the Defendant punish the child residents by having them sit on a roof in the sun for hours, and told her this was "nothing" for these "street kids," whose lives before SJHB were much worse; he also told Witness 4 that the children had to go to jail as a punishment.  On another occasion, Witness 4 observed the Defendant throwing a young man (whom Witness 4 estimates was in his early 20s) out of the home, twisting the young man's arm behind his back as he did so.

Around 1998, Witness 4 was at SJHB and looking for the Defendant; when Witness 4 went to a bedroom door that was locked, the door opened and Witness 4 saw the Defendant with a young male resident inside.[1]  The Defendant claimed he and the young male resident had been watching a movie, but as soon as the door opened to Witness 4, the young male resident left the bedroom.

When allegations of sexual abuse arose against the Defendant, Witness 4 observed a drastic and "scary" change in the Defendant's demeanor.  The Defendant became very upset and angry and accused Witness 4 of believing the accusations.  Witness 4 had never seen this side of the Defendant before.  Witness 4 did not speak Creole during the first decade or so that Witness 4 visited SJHB, and Witness 4 largely relied on and believed what the Defendant told Witness 4 about the operation of SJHB and his relationship with the child residents.

Once Witness 4 learned Creole, Witness 4 was able to speak more openly with the residents.  Victim L is one of the former child residents who told Witness 4 that the Defendant sexually abused him.

---

[1] The resident is not among the individuals with whom the Government has been able to speak (and, per the Government's understanding, may now be deceased); in any event, he is not one of the victims/witnesses identified in the 404/413/414 disclosure.  Witness 4 does not know how old the young male resident was at the time.

2

<u>Witness 5</u>: Witness 5 is an American who visited SJHB as a volunteer in 1991 and 1992. While at SJHB, Witness 5 observed a boy, approximately 8-10 years of age, exit a room, followed immediately by the Defendant. While the boy exited the room, he was looking down at his pants and buttoning them up.

<u>Victim E</u>: Victim E is a Haitian male who began working for the Defendant at SJHB around 1986-87.[2] The Defendant coerced Victim E to engage in sex acts with him in the Defendant's bedroom multiple times. Victim E would go to the Defendant's bedroom to bring him something or to speak with him, at which point the Defendant would unzip Victim E's pants and put his mouth on Victim E's penis. Each time this happened, Victim E would try to leave SJHB, but the Defendant would tell Victim E that he (the Defendant) would kill himself if Victim E left. When Victim E did leave, the Defendant would hire someone to find him and bring him back to SJHB. The Defendant also slapped Victim E in the face.

<u>Victim L</u>:  In addition to the information proffered in the original notice (which focuses on the Defendant's sexual abuse of Victim L), Victim L may also testify about witnessing the Defendant sexually abuse other child residents, including Victim K and Victim N (which victims were previously noticed) and Victim D (who was not previously noticed). With respect to Victim D, for example, Victim L may testify that he and Victim D were sleeping beside each other when the Defendant put his body between the two of them and touched each of their penises. This instance of abuse is inextricably intertwined with the abuse of Victim L that has already been

---

[2] Victim E did not want to disclose his date of birth to the FBI agents during his phone interview, and explained that he was still processing his disclosure to the agents. There is thus an outstanding question as to Victim E's age at the time of the events in question. The Government is attempting to follow up with Victim E, but has decided to include the above information in this supplemental disclosure so that it is available for the Court's consideration at the time of the motions hearing.

3

disclosed, but the United States is supplementing its notice to make clear that it may elicit this information at trial.

For the reasons set forth in this and the United States' prior filings, as well as for the reasons further set forth at the hearing on this matter, the United States respectfully requests that the Court rule the proffered evidence admissible.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:  /s/ Lacee Elizabeth Monk
Lacee Elizabeth Monk
Assistant United States Attorney
Florida Bar No.100322
99 NE 4th Street
Miami, Florida 33132-2111
Phone: (305) 961-9427
Email: Lacee.Monk@usdoj.gov

/s/ Jessica L. Urban
Jessica L. Urban
Florida Special Bar ID No. A5503222
Trial Attorney
Child Exploitation and Obscenity Section
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, DC 20005
Phone: (202) 353-4146
Jessica.Urban@usdoj.gov

/s/ *Eduardo Palomo*
Eduardo Palomo
Florida Special Bar ID No. A5503186
Trial Attorney
Child Exploitation and Obscenity Section
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, DC 20005
Phone: (202) 305-9635
Eduardo.Palomo2@usdoj.gov

## **LOCAL RULE 88.1 CERTIFICATE OF CONFERRAL**

I hereby certify that on September 10, 2024, pursuant to Local Rule 88.1 and the provisions of this Court's Scheduling Order (ECF No. 30), I conferred with opposing counsel, D'Arsey Houlihan and Jean-Pierre Gilbert, by telephone in a good-faith effort to resolve by agreement the subject matter of the motion (i.e., introducing evidence pursuant to Rules 404(b), 413, and 414), and the Defendant (through counsel) did not consent to the relief sought herein.

*/s/ Jessica L. Urban*
Jessica L. Urban
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2024, I filed this document electronically using the CM/ECF system and thereby caused a copy of the same to be served on all counsel of record.

*/s/ Jessica L. Urban*
Jessica L. Urban
Trial Attorney