UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **24-20008-CR-LEIBOWITZ(s)**

UNITED STATES OF AMERICA

vs.

MICHAEL KARL GEILENFELD,

    **Defendant.**
_____/

## UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S MOTION FOR CONTINUANCE

The Government hereby submits this response in opposition to the Defendant's motion for a continuance of the trial date in this matter. Based on the information presently available to the Government, the Government believes that a continuance of the trial date is not warranted and that trial should commence on February 3, 2025, as has been contemplated by the parties since the June 27, 2024, Scheduling Order was issued (ECF No. 30).[1] In support of its position, the Government asserts as follows:

1.) The Defendant was indicted on January 18, 2024 (ECF No. 3), and a superseding indictment was returned on April 11, 2024 (ECF No. 19).

2.) The Government produced its initial discovery on April 16, 2024, with supplemental productions thereafter, as set forth in the Government's Responses to the Court's Standing Discovery Order. *See* ECF Nos. 22 & 55. Included with the Government's

---

[1] The Government understands that the Defendant filed his motion to continue under seal and ex parte in order to protect defense strategy. The Government is thus submitting this filing in response to what it understands, to the best of its knowledge, to be the Defendant's position on the matter, based on communications the undersigned attorneys had with defense counsel and an excerpt of the draft motion that defense counsel shared with undersigned counsel.

productions were discovery logs detailing the various files and categories of material, with corresponding Bates numbers, to make review of the discovery more efficient.

3.) On June 27, 2024, the Court set trial to commence on February 3, 2025—a mutually agreed date based on the recommendations of the parties, and with the Court's clear instruction that a continuance would only be granted under exceptional circumstances, considering (among other factors) the amount of time the case had already been pending, the scope and historic nature of the underlying conduct, and the more than seven months of time to prepare from that point forward.  The court reiterated its intent to keep the February 3, 2025, trial date at numerous times over the ensuing months.

4.) The Government disclosed its proposed Rule 404(b)/413/414 witnesses on August 30, 2024 (ECF No. 37), consistent with the deadline agreed to by the parties and the Court back in June 2024.  Although the disclosure itself was filed in August, the records on which the disclosure was based had been available to the defense as part of the preexisting discovery for months.  Similarly, the second superseding indictment does not change the scope of trial evidence.[2]

5.) The Government has diligently been working to secure its victims/witnesses for trial commencing on that date—an extremely complex undertaking that involves coordination with multiple government agencies in the United States, foreign government and international organizations, non-governmental organizations and hotels in the United States, considering that all of the "charged" victim-witnesses are located in Haiti and the Dominican Republic, and that many of the Rule 404(b)/413/414

---

[2] The three new counts in the second superseding indictment correspond to victims whom the Court previously ruled were admissible as Rule 404(b)/413/414 victims: Victim A = Minor Victim 5, Victim B = Minor Victim 7, and Victim C = Minor Victim 6. The Reports of Interviews (ROIs) and other materials for all of these victims had been provided to the defense well before the disclosure deadline and briefing on their admissibility.

witnesses are located in Haiti (in addition to other witnesses throughout the United States and abroad).

6.) The Government understands that defense counsel may have concerns about challenges it has faced contacting potential witnesses in Haiti. The Government likewise has faced such challenges, and it recognizes the political and security situation in Haiti. However, the Government does not believe—based on the information presently available to it—that the situation in Haiti will improve within the next several months; in fact, the Government believes that the situation is worsening and that a continuance of the trial date would make it less likely, rather than more likely, that the necessary victims and witnesses would be able to leave Haiti and appear in the United States for trial.[3]

7.) The victims have a statutory "right to proceedings free from unreasonable delay," 18 U.S.C. § 3771(7), and the Government has a statutory obligation to "make [its] best efforts to see that crime victims are . . . accorded, the right[]." 18 U.S.C. § 3771(c)(1).

Under all these circumstances, and based on the information available to it, the Government respectfully opposes the Defendant's request for a continuance of the trial date. The Government further requests that the Court rule on the motion promptly, so that the Government can either continue its extensive preparations for February 3, 2025, or alternatively take prompt measures to adjust (e.g., cancelling the hotel blocks that have been arranged and that must be cancelled by December 28th, in order to avoid tens of thousands of dollars in nonrefundable expenses).

---

[3] The Government obtained a second superseding indictment in order to maximize its readiness to proceed to trial on February 3, 2025.

        Respectfully submitted,

        MARKENZY LAPOINTE
        UNITED STATES ATTORNEY

By:   */s/ Lacee Elizabeth Monk*
        Lacee Elizabeth Monk
        Assistant United States Attorney
        Florida Bar No.100322
        99 NE 4th Street
        Miami, Florida 33132-2111
        Phone: (305) 961-9427
        Email: Lacee.Monk@usdoj.gov

        */s/ Jessica L. Urban*
        Jessica L. Urban
        Florida Special Bar ID No. A5503222
        Trial Attorney
        Child Exploitation and Obscenity Section
        Criminal Division
        U.S. Department of Justice
        1301 New York Avenue NW
        Washington, DC 20005
        Phone: (202) 353-4146
        Jessica.Urban@usdoj.gov

        */s/ Eduardo Palomo*
        Eduardo Palomo
        Florida Special Bar ID No. A5503186
        Trial Attorney
        Child Exploitation and Obscenity Section
        Criminal Division
        U.S. Department of Justice
        1301 New York Avenue NW
        Washington, DC 20005
        Phone: (202) 305-9635
        Eduardo.Palomo2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2024, I filed this document electronically using the CM/ECF system and thereby caused a copy of the same to be served on all counsel of record.

>  /s/ Jessica L. Urban
>  Jessica L. Urban
>  Trial Attorney