UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **24-20008-CR-LEIBOWITZ(s)**

**UNITED STATES OF AMERICA**

vs.

**MICHAEL KARL GEILENFELD,**

    **Defendant.**
_____/

**UNITED STATES' TRIAL BRIEF**

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney and Trial Attorneys and offers this trial brief addressing potential legal and evidentiary topics for this Court's review and consideration.

**I.   BACKGROUND**

As alleged in the Second Superseding Indictment, the defendant, Michael Karl Geilenfeld, is a U.S. citizen who traveled to Haiti for the purpose of engaging in illicit sexual conduct with minors and, while in Haiti, sexually abused numerous children at the St. Joseph's Home for Boys (SJHB), one of three orphanages in Haiti that were a part of the "St. Joseph Family" (SJF) that he founded and directed. The defendant is charged with one count of traveling to Haiti for the purpose of engaging in illicit sexual conduct and seven counts of engaging in illicit sexual conduct in a foreign place, with each of the latter counts representing a distinct and identifiable Haitian child he sexually abused at SJHB.

**II.   STATEMENTS BY THE DEFENDANT**

At trial, the United States anticipates introducing the defendant's prior statements, including portions of the defendant's statements made during previous proceedings, which were

previously produced to defense counsel. A statement is not hearsay if "[t]he statement is offered against a party and is (A) the party's own statement, in either an individual or representative capacity." Fed. R. Evid. 801(d)(2)(A). The defendant's own statements—when offered by the United States—are not hearsay and are therefore admissible.

The United States anticipates that the defendant may attempt to introduce portions of his out-of-court statements. While the government may introduce the defendant's prior statements, a defendant may not generally offer his own out-of-court statements into evidence, either through his own testimony or the testimony of any other witness, whether on direct or cross-examination. Such statements are hearsay pursuant to Rule 801 and are not "admissions by a party opponent" under Rule 801(d)(2) when offered by the party himself, rather than the party's "opponent." *United States v. Willis*, 759 F.2d 1486, 1501 (11th Cir. 1985) (a defendant may not offer his own out-of-court statements at trial, as that "is precisely what is forbidden by the hearsay rule"); *United States v. Cunningham*, 194 F.3d 1186, 1199 (11th Cir. 1999) ("a defendant cannot attempt to introduce an exculpatory statement … without subjecting himself to cross-examination"). Such statements should be excluded under Rule 802. Accordingly, the defendant should be precluded from introducing or eliciting his own out-of-court statements.

It is true that, in limited circumstances, the defendant may use the "rule of completeness" to introduce his otherwise inadmissible out-of-court statements. Rule 106 of the Federal Rules of Evidence states that "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Fed. R. Evid. 106. But while Rule 106 may permit the defendant to introduce portions of his out-of-court statements over a hearsay objection, "Rule 106 does not automatically make the entire document

[or statement] admissible. … It is consistently held that the rule permits introduction only of additional material that is relevant and is necessary to qualify, explain, or place into context the portion already introduced." *United States v. Umbach*, 708 F. App'x 533, 548 (11th Cir. 2017) (quoting *United States v. Simms*, 385 F.3d 1347, 1359 (11th Cir. 2004)).

That is, the rule permits introduction of a *specific* portion of a statement that is *necessary* to prevent a party from misleading the jury. In such a circumstance, "[t]he objecting party must point to the specific portions he wants admitted so that the district court can assess their admissibility on fairness grounds." *United States v. Macrina*, 109 F.4th 1341, 1348 (11th Cir. 2024) (the "defendant must point to *exact quotations* or directly cite the portions of document or recording to benefit from the fairness analysis of Rule 106.") (emphasis added).

Further, the additional statements offered by the defendant must be relevant to clarify or explain the portion of the statement already admitted to such a degree that fairness requires it to be contemporaneously admitted – Rule 106 does not call for the admission of the entire statement simply to provide additional background that might be beneficial to the defendant's case. *See United States v. Pendas-Martinez*, 845 F.2d 938, 944 (11th Cir. 1988) ("it is consistently held that the rule permits introduction only of additional material that is relevant and is necessary to qualify, explain, or place into context the portion already introduced.").

Accordingly, the defendant cannot use Rule 106 to introduce his statements without first specifically identifying (1) the exact quotation to be introduced, (2) how the already admitted portion of the statement is misleading or otherwise incomplete, and (3) how such additional statements would be relevant to clarifying the admitted portion of the statement. The mere fact that a defendant would like to admit favorable, self-serving aspects of his own out-of-court statement to bolster his defense falls short of the showing required for admission of additional statements

under Rule 106. *See* Fed. R. Evid. 106, Advisory Committee Notes to 2023 Amendment ("The mere fact that a statement is probative and contradicts a statement offered by the opponent is not enough to justify completion under Rule 106. So, for example, the mere fact that a defendant denies guilt before later admitting it does not, without more, mandate the admission of his previous denial." (citing *United States v. Williams*, 930 F.3d 44 (2d Cir. 2019)). The United States does not expect that this condition will be met during this trial.

### III.     STATEMENTS MADE BY A PARTY-DEFENDANT'S AGENT OR EMPLOYEE

Under Rule 801(d)(2)(D), a "statement offered . . . against an opposing party and . . . made by the party's agent or employee on a matter within the scope of that relationship and while it existed" is not hearsay. Fed. R. Evid. 801(d)(2)(D). To admit statements under Rule 801(d)(2)(D), the Court must find, "by a preponderance of the evidence[,] that [the declarant] was speaking as an agent of [the defendant] at the time he [or she] made these statements."

Here, the United States anticipates introducing documents and statements made by the defendant's agents and employees. For example, Renee Dietrich served the defendant's "mission" in Haiti; she testified in a prior proceeding that her "job titles have changed over the years, but basically I do communications and development for St. Joseph Family. . . . I work for the St. Joseph Family to try to get funding to continue our work and to benefit the children." Bates 6144-6146. As Secretary of SJF's Board of Directors, she spoke on behalf of "Michael Geilenfeld, the founder and executive director of the St. Joseph Family," Bates 8585, and she "work[ed] very closely together" with him." Bates 6147. During the time Dietrich was responsible for communications for the defendant's organizations, SJF published a "St. Joseph Family Sponsorship Program" brochure with information about the defendant's orphanages and the children who lived there. This brochure requested donations to assist in operating SJHB and prominently featured Dietrich as the

point of contact for the sponsorship program. Considering Dietrich's position at SJF, her close relationship with the defendant, and the brochure's raison d'être—i.e., as an official statement of SJF—the United States anticipates introducing documents such as the brochures and offering the statements contained therein as non-hearsay statements of the defendant's "agent or employee on a matter within the scope of that relationship." Fed. R. Evid. 801(d)(2)(D).

## IV. PRIOR CONSISTENT STATEMENTS

Rule 801(d)(1)(B) of the Federal Rules of Evidence provides that a witness's prior out-of-court statement is not hearsay if the statement is consistent with their testimony at trial and is offered "(i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground."

As for the first ground, the Supreme Court has long made clear that "[i]mpeachment by charging that the testimony is a recent fabrication or results from an improper influence or motive is, as a general matter, capable of direct and forceful refutation through introduction of out-of-court consistent statements that predate the alleged fabrication, influence, or motive. A consistent statement that predates the motive is a square rebuttal of the charge that the testimony was contrived as a consequence of that motive." *Tome v. United States*, 513 U.S. 150, 158 (1995).

Rule 801(d)(1)(B) was thereafter amended, in 2014, to include a second basis on which a prior consistent statement can be admitted: "to rehabilitate the declarant's credibility as a witness when attacked on another ground." Fed. R. Evid. 801(d)(1)(B)(ii). As the Advisory Committee Notes explain, "[t]he intent of the amendment is to extend substantive effect to consistent statements that rebut other attacks on a witness—such as the charges of inconsistency or faulty memory." The new version of the Rule preserves the Supreme Court's holding in *Tome*, "as to

consistent statements offered to rebut a charge of bad motive, while properly expanding substantive [i.e., "for the truth of the matter asserted"] admissibility to statements offered to rehabilitate on other grounds." Memorandum from Advisory Committee on Evidence Rules for Standing Committee on Rules of Practice and Procedure, Judicial Conference of the United States (May 7, 2013).[1]

Since this amendment, courts have repeatedly upheld the application of Rule 801(d)(1)(B)(ii) to allow admissibility of victim interviews after their credibility and consistency has been attacked. *See United States v. Purcell*, 967 F.3d 159, 197 (2d Cir. 2020) (admitting statements of the victim to law enforcement after defense counsel had highlighted inconsistencies between the victim's prior statements and her testimony at trial); *United States v. J.A.S., Jr.*, 862 F.3d 543, 545 (6th Cir. 2017) (holding the victim's video recorded interview was "plainly admissible" after giving testimony consistent with the interview and being impeached on collateral grounds by the defense); *United States v. Cox*, 871 F.3d 479, 487 (6th Cir. 2017) (child victim's prior consistent statement to law enforcement properly admitted under Rule 801(d)(1)(B)(ii) after defense attacked victim's memory).

Here, several victims and witnesses have made prior statements concerning the defendant's sexual abuse of minors, including video or audio recorded statements. The government anticipates that those statements will be consistent with their testimony at trial. While the government cannot predict if or how the defendant will challenge the credibility of those victims and witnesses, the Court should admit as non-hearsay, substantive evidence the prior consistent statements made by those victims and witnesses if the defendant alleges that their "testimony was contrived as a

---

[1] Available at http://www.uscourts.gov/rules-policies/archives/committee-reports/advisory-committee-rules-evidence-may-2013 (last accessed January 10, 2025).

consequence" of an improper motive, *Tome*, 513 U.S. at 158, or if the defendant otherwise attacks their credibility, consistency, or memory. Fed. R. Evid. 801(d)(1)(B)(ii).

## V.   CHARACTER EVIDENCE

The government anticipates that the defendant will attempt to elicit character evidence either from the government's witnesses on cross-examination, from witnesses he may call during his case-in-chief or, if he elects to testify, through his own testimony. The parties previously briefed this matter, with the Court finding at the November 12, 2024, motions hearing that the issue was largely premature and noting that the defendant would need to proffer any good conduct he does seek to admit. To date, the defendant has not done so.

The Federal Rules of Evidence prohibit introduction of "[e]vidence of a person's character or a trait of character" "for the purpose of proving action in conformity therewith on a particular occasion." Fed. R. Evid. 404(a). "Rules 404 and 405 (and their common law predecessors) are designed to insure that the ultimate decision of the factfinder is based on the merits of the case and not on the personalities involved." *United States v. Reed*, 700 F.2d 638, 645 (11th Cir. 1983). Notwithstanding the general prohibition on such evidence, a defendant may introduce character evidence of some "pertinent trait" of the defendant via "testimony about the [defendant's] reputation or by testimony in the form of an opinion." Fed. R. Evid. 404(a)(2)(A) and 405(a). In general, the defendant may not prove his character or trait of character by introducing specific instances of conduct. *See* Fed. R. Evid. 405(b) (specific instances of conduct are only admissible where "character or character trait" is an "essential element of a charge, claim, or defense"); *United States v. Solomon*, 686 F.2d 863, 874 (11th Cir. 1982) ("character may be proved by 'specific instances of conduct' only on cross-examination [of a character witness] or where the 'character or a trait of character is an essential element of a charge, claim, or defense.' Otherwise proof must

be by reputation or opinion.") (internal citation omitted). Thus, if evidence of the defendant's pertinent character trait is admissible, the defendant should only be permitted to offer reputation or opinion testimony about that pertinent trait. Fed. R. Evid. 405(a). To that end, evidence of a specific act of "good conduct is not admissible to negate criminal intent." *United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991). Similarly, the defendant may not offer "[e]vidence of noncriminal conduct to negate the inference of criminal conduct"—such evidence "is generally irrelevant." *United States v. Russell*, 703 F.2d 1243, 1249 (11th Cir. 1983).[2]

Here, evidence of the defendant's character is not an essential element of any charged offense, and he should not be permitted to introduce evidence of specific instances of conduct to prove his character. *See*, *e.g.*, *Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 146 n.2 (3d Cir. 2002) ("character is not an essential element of" sexual abuse charges).

Furthermore, the defendant may not introduce evidence of general good character. *See Camejo*, 929 F.2d at 613 (trial court properly excluded proffered testimony "to portray [defendant as having] a good character"); *United States v. Hewitt*, 634 F.2d 277, 280 (5th Cir. 1981) (Rule 404(a) precludes a defendant from offering reputation or opinion testimony regarding his "general good character"); *United States v. Santana-Camacho*, 931 F.2d 966, 967 (1st Cir. 1991) (excluding evidence that defendant was a good family man and a kind man because it was not a trait relevant to the offense); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (evidence of "bravery, attention to duty, perhaps community spirit—were hardly 'pertinent' to the [charged] crimes");

---

[2] Likewise, testimony that the defendant did not sexually abuse other children at SJHB or that he engaged in other lawful activities amounts to improper character evidence. *See United States v. Ifediba*, 46 F.4th 1225, 1238 (11th Cir. 2022) ("the government never alleged that Ifediba unlawfully treated every patient who walked through [a clinic's] doors; indeed, it conceded that his treatment of some patients was legitimate. Thus, it was no defense that Ifediba lawfully treated some patients. The district court did not abuse its discretion by excluding such evidence as improper character evidence, and the exclusion did not violate Ifediba's constitutional right to present a defense."); *see also United States v. Ellisor*, 522 F.3d 1255, 1270-1271 (11th Cir. 2008) (trial judge properly excluded "extrinsic evidence of purportedly legitimate business activities in order to negate evidence of [the defendant's] fraudulent intent … These specific acts of good character were inadmissible under Rules 404(b) and 405(b)").

*United States v. Hill*, 40 F.3d 164, 169 (7th Cir. 1994) ("Evidence that the defendant frequently performs lawful or laudable acts does not often establish that some subsequent act is also lawful or laudable.") (internal quotations and citation omitted).

However, should the defendant introduce evidence that he is a good person or a law-abiding citizen, the Federal Rules of Evidence permit the government to rebut that testimony with "inquiry into relevant specific instances of the person's conduct." Fed. R. Evid. 405(a). "When a defendant 'opens the door' by soliciting favorable opinions about his character, the district court may properly allow the government to rebut the offered testimony by inquiry on cross examination into relevant instances of conduct." *United States v. Bunche*, 159 F. App'x 437, 439 (4th Cir. 2005); *see also United States v. Macrina*, No. 1:20-CR-00216-SCJ, 2022 WL 4594993, at *4 (N.D. Ga. Sept. 30, 2022) ("if Defendant introduces evidence of her good character, the Government may, in cross-examination, rebut Defendant's good character with relevant specific instances of Defendant's bad character"); *United States v. Ellisor*, No. 04-20064-CR, 2005 WL 8165626, at *3 (S.D. Fla. Jan. 31, 2005) (if the defendant attempts to introduce evidence of specific instances of good conduct, a defendant "would have no viable objection, then, should the Government choose to respond in kind with rebuttal evidence of other" specific instances of conduct).

## VI. IMPEACHMENT OF WITNESSES WITH A THIRD PARTY'S REPORT

Many of the victims and witnesses in this case have given interviews to law enforcement and civilian investigators. After interviewing the victims and witnesses, the investigators wrote reports documenting their impressions of the interviews and characterizing statements made by each victim or witness. Undersigned counsel are not aware of any victim or witness adopting such a report as their own statements or otherwise subscribing to such a report.

The Court should not permit the defendant to impeach the victims and witnesses with reports written by third parties. The Eleventh Circuit has made clear that a "witness may not be impeached with a third party's characterization or interpretation of a prior oral statement unless the witness has subscribed to or otherwise adopted the statement as his own." *United States v. Saget*, 991 F.2d 702, 710 (11th Cir. 1993). In *Saget*, the defendant's attorney attempted to impeach a witness by reading directly from an agent's report and asking the witness if the statement reflected what the witness told the agent. The Eleventh Circuit found that the defendant's attorney "was introducing extrinsic evidence to the jury of [the witness's] prior inconsistent statement via the FBI agent's summary" and that "it would be 'grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations.'" *Id*. at 710 (quoting *Palermo v. United States*, 360 U.S. 343, 350 (1959)). The Court should accordingly prohibit the defendant from impeaching the victims and witnesses with the reports of third parties.

VII.   **IMPEACHMENT WITH EVIDENCE OF A CRIMINAL CONVICTION**

Rule 609(a) of the Federal Rules of Evidence makes clear that criminal history alone is not a permissible basis for impeachment of a witness. For example, there must be a conviction for a felony or for an offense whose elements required proof of, or the witness's admitting, a "dishonest act or false statement," in order to potentially qualify for admission under the rule. Fed. R. Evid. 609(a). Moreover, Rule 609(b) generally prohibits the admission of evidence of past convictions for impeachment purposes if the convictions are more than ten years old. Rule 609(b) provides a limited exception to the prohibition against introducing evidence of such prior convictions "only if: (1) [the conviction's] probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party

reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."

The Eleventh Circuit has held that "there is a presumption against the use of prior crime impeachment evidence over ten years old; such convictions will be admitted very rarely and only in exceptional circumstances. The danger in admitting stale convictions is that while their remoteness limits their probative value, their prejudicial effect remains." *United States v. Pritchard*, 973 F.2d 905, 908 (11th Cir. 1992). "Further, even when prior convictions are admissible, the scope of cross examination regarding those prior convictions is narrowly circumscribed." *United States v. Young*, 574 F. App'x 896, 898-99 (11th Cir. 2014). Should a defendant provide proper notice, the court should consider the following factors in determining whether such evidence is admissible: "(1) the impeachment value of the prior conviction, (2) the point in time of the conviction and the witness's subsequent history, (3) the similarity between the past crime and the charged crime, (4) the importance of the [witness's] testimony, and (5) the centrality of the witness's credibility." *United States v. Benitez*, 732 F. App'x 783, 794 (11th Cir. 2018) (citing *Pritchard*, 973 F.2d at 908-09)). In weighing those factors, the court should be mindful of the "common sense proposition that a prior conviction's probative value diminishes with time," *United States v. Young*, 574 F. App'x 896, 903 (11th Cir. 2014), and that evidence of stale convictions is only admissible where the probative value "*substantially* outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1) (emphasis added).

Here, the United States has not received written notice of the defendant's intent to use evidence of any past convictions to impeach any of the government's witnesses, and the government does not expect that any such impeachment will be attempted.

### VIII. TESTIMONY MUST BE BASED ON PERSONAL KNOWLEDGE

Rule 602 provides that a "witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. "This rule does not govern the situation of a witness who testifies to a hearsay statement as such, if he has personal knowledge of the making of the statement. Rules 801 and 805 would be applicable. This rule would, however, prevent him from testifying to the subject matter of the hearsay statement, as he has no personal knowledge of it." Fed. R. Evid. 602, Notes of Advisory Committee on Proposed Rules.

Despite this well-settled principle, the United States anticipates that the defendant may present testimony where witnesses lack personal knowledge and instead base their testimony on inadmissible hearsay. For example, in a prior proceeding, the defendant claimed that a third party bribed Haitian officials to shut down SJHB in 2014. Bates 018911. When asked if he had "further verification" of that claim, the defendant responded, "We have only the statements of Bill Nathan and the leadership of St. Joseph's and the people they have talked to but no documents." *Id*. Further, when asked if he had seen any evidence of these bribes from the Haitian government, the defendant replied, "Exactly. Nothing." *Id*. The defendant has made several other statements in prior proceedings where he appears to claim personal knowledge about the intentions of the victims in this case based on statements made by third parties.[3]

The Court should accordingly prohibit the defendant from introducing testimony where the witness lacks personal knowledge.

---

[3] For example, the defendant stated, "if you talk to [Minor Victim 1] today, he would deny these things because he's a very good friend of Bill Nathan. Bill has gotten the word from [Minor Victim 1] that it was beneficial for him to say these things. He would not do it again today." Bates 018912.

IX. **PLEA OFFERS**

The United States asks this Court to enquire with the defendant prior to the start of trial regarding any plea offer offered by the government. Especially given the potential sentence the defendant faces if convicted on all counts at trial, the United States believes it is advisable to have the record reflect that a proposed plea agreement was offered to the defendant, that the defendant was advised of this offer, and that he rejected it. To the extent the defendant is convicted at trial, a record that he was advised of and knowingly rejected this plea offer would be beneficial for any future direct appeals or collateral attacks on his conviction.

Respectfully submitted,

MICHAEL S. DAVIS
ACTING UNITED STATES ATTORNEY

By: /s/ Eduardo Palomo
Eduardo Palomo
Florida Special Bar ID No. A5503186
Trial Attorney
Child Exploitation and Obscenity Section
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, DC 20005
Phone: (202) 305-9635
Eduardo.Palomo2@usdoj.gov

/s/ Jessica L. Urban
Jessica L. Urban
Florida Special Bar ID No. A5503222
Trial Attorney
Child Exploitation and Obscenity Section
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, DC 20005
Phone: (202) 353-4146
Jessica.Urban@usdoj.gov

*/s/ Lacee Elizabeth Monk*
Lacee Elizabeth Monk
Assistant United States Attorney
Florida Bar No.100322
99 NE 4th Street
Miami, Florida 33132-2111
Phone: (305) 961-9427
Email: Lacee.Monk@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2025, I filed this document electronically using the CM/ECF system and thereby caused a copy of the same to be served on all counsel of record.

                                                By:    */s/ Eduardo Palomo*
                                                            Eduardo Palomo
                                                             Trial Attorney