**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. <u>24-20008-CR-LEIBOWITZ(s)(s)</u>**

**UNITED STATES OF AMERICA**

**vs.**

**MICHAEL KARL GEILENFELD,**

      **Defendant.**
_____/

**<u>JURY CHARGE</u>**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**The Duty to Follow Instructions and the Presumption of Innocence**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The Second Superseding Indictment or formal charge against a defendant is not evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I instructed earlier, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

• Did the witness impress you as one who was telling the truth?

• Did the witness have any particular reason not to tell the truth?

• Did the witness have a personal interest in the outcome of the case?

• Did the witness seem to have a good memory?

• Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

• Did the witness appear to understand the questions clearly and answer them directly?

• Did the witness's testimony differ from other testimony or other evidence?

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail.

A defendant has a right not to testify.  But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

**Witness's Prior Statements or Testimony Explanatory Instruction**

If a witness is questioned about earlier statements or testimony the witness made, the questioning is permitted to aid you in evaluating the truth or accuracy of the witness's testimony at this trial.

A witness's earlier testimony or statements are not ordinarily offered or received as evidence of their truth or accuracy. They are pointed out to give you a comparison and to help you decide whether you believe the witness's testimony.

Whether those prior statements are consistent or inconsistent with the witness's trial testimony is entirely up to you.

**Explanatory Instruction Role of the Interpreter**

We seek a fair trial for all regardless of what language they speak. We had interpreters assist us through these proceedings, and you should know what they can do and what they cannot do.  Basically, the interpreter is here only to help us communicate during the proceedings. The interpreter is not a party in the case, has no interest in the case, and is completely neutral. Accordingly, the interpreters are not working for either party. The interpreter's sole responsibility is to enable us to communicate with each other.

Treat the interpreter of the witness's testimony as if the witness had spoken English and no interpreter was present. Do not allow the fact that testimony is given in a language other than English influence you in any way.

If any of you understand the language of the witness, disregard completely what the witness says in the witness's language. Consider as evidence only what is provided by the interpreter in English.  If you think an interpreter has made a mistake, you may bring it to the attention of the Court, but you should make your deliberations on the basis of the official interpretation.

**Identification Testimony**

The Government must prove beyond a reasonable doubt that the Defendant was the person who committed the crime.

If a witness identifies a Defendant as the person who committed the crime, you must decide whether the witness is telling the truth. But even if you believe the witness is telling the truth, you must still decide how accurate the identification is. I suggest that you ask yourself questions:

1. Did the witness have an adequate opportunity to observe the person at the time the crime was committed?

2. How much time did the witness have to observe the person?

3. How close was the witness?

4. Did anything affect the witness's ability to see?

5. Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of the Defendant.

After examining all the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty.

**Similar Acts of Child Molestation and Sexual Assault Evidence**

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions (through witnesses

) that the Government argues may be similar to acts with which the Defendant is charged. You may consider this evidence for its bearing on any matter to which it is relevant.

It is entirely up to you to determine what weight, if any, such evidence deserves.  In reaching your conclusion, you may consider all of the surrounding facts and circumstances of such testimony and give it such weight as you think it is entitled to receive in light of your experience and knowledge of human affairs.

However, you are cautioned that the Defendant is not on trial here for any acts or crimes not alleged in the Second Superseding Indictment. The Defendant may not be convicted of the crimes charged in the Second Superseding Indictment if you were to find only that he committed other crimes at some other time.  You are reminded that, at all times, the Government bears the burden of proving beyond a reasonable doubt that the Defendant committed the offenses charged in the Second Superseding Indictment.

**Similar Acts Evidence – Limiting Instruction**

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions (through witness Christine Low) that may be similar to acts with which the Defendant is currently charged.  This evidence is admitted and may be considered by you only for the limited purpose of assisting you in determining whether the Defendant had the state of mind or intent necessary to commit the crimes charged in the Second Superseding Indictment, whether the Defendant had a motive or the opportunity to commit the acts charged in the Second Superseding Indictment, or whether the Defendant acted according to a plan or in preparation to commit the crimes charged in the Second Superseding Indictment.

You may not consider this evidence for any other purpose.

I underscore again that the Defendant is on trial only for the crimes charged in the Second Superseding Indictment.  You may not convict a person simply because you believe that person may have committed an act in the past that is not charged in the Second Superseding Indictment.

**Note Taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state opinion about the matter. Testimony provided by witnesses Cecile Accilien and Sharon Cooper has been offered for this purpose.

But that doesn't mean you must accept the witness's offered opinion.  As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**Introduction to Offense Instructions**

The Second Superseding Indictment charges seven separate crimes, called "counts," against the Defendant.  Each count has a number.  You'll be given a copy of the Second Superseding Indictment to refer to during your deliberations.

Count One charges that the Defendant, a United States citizen, traveled in foreign commerce from the United States to Haiti for the purpose of engaging in any illicit sexual conduct with another person under 18 years of age.

Counts Two through Seven charge that the Defendant, a United States citizen, traveled in foreign commerce from the United States to Haiti and engaged in illicit sexual conduct with specified persons under 18 years of age.

**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the Second Superseding Indictment may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

**On or About a Particular Date**

You'll see that the Second Superseding Indictment charges that crimes were committed "in or around" certain dates.  The Government doesn't have to prove that the offenses occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

**Considering Each Count and Cautionary Instruction on Punishment**

Each count of the Second Superseding Indictment charges a separate crime.  You must consider each crime and the evidence relating to it separately.  If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the Second Superseding Indictment.  You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty or not guilty.  If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

**Count 1**
**Travel with Intent to Engage in**
**Illicit Sexual Conduct**
**18 U.S.C. § 2423(b)**

It's a federal crime to travel in foreign commerce for the purpose of engaging in illicit sexual conduct.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant was a United States citizen;

(2) the Defendant traveled in foreign commerce; and

(3) the Defendant traveled for the purpose of engaging in illicit sexual conduct.


For purposes of this offense and case, the term "illicit sexual conduct" means:

(a) causing a person under 18 years of age to engage in a "sexual act" by using force, threats, or placing that person in fear; or

(b) engaging in a "sexual act" with a person who is under 18 years of age where that person is physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act; or

(c) knowingly engaging in a "sexual act" with a person who is under 16 years of age and is at least four years younger than the defendant; or

(d) a "commercial sex act" with a person under 18 years of age.


The term "sexual act" means:

• contact between the penis and the vulva, or the penis and the anus, involving penetration however slight; or

- contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or

- the penetration – however slight – of another person's anal or genital opening by a hand, finger, or any object, with an intent to abuse, humiliate, harass, or degrade the person, or to arouse or gratify the sexual desire of the Defendant or any other person; or

- the intentional touching – not through the clothing – of the genitalia of another person who has not attained the age of 16 years old, with the intent to abuse, humiliate, harass, or degrade the person, or to arouse or gratify the sexual desire of the Defendant or any other person.

"Commercial sex act" means any sex act, for which anything of value is given to or received by any person.

The Government does not have to show that the Defendant's only purpose in traveling in foreign commerce was to engage in illicit sexual conduct, but the Government must show that it was one of the motives or purposes for the travel.  In other words, the Government must show that the Defendant's criminal purpose was not merely incidental to the travel.

"Foreign commerce" is the movement or transportation of a person from a place within the United States to a place outside the United States.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

**Counts 2 through 7**
**Engaging in Illicit Sexual Conduct**
**in a Foreign Place**
**18 U.S.C. § 2423(c)**

It's a Federal crime for a United States citizen to travel in foreign commerce and engage in any illicit sexual conduct with another person.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant was a United States citizen;

(2) the Defendant traveled in foreign commerce; and

(3) while the Defendant was in the foreign place, he engaged in illicit sexual conduct with another person, that is, the victim named in the relevant count of the Second Superseding Indictment.

To "travel in foreign commerce" means that the defendant moved from a place within the United States to a place outside the United States.

For purposes of this offense and case, the term "illicit sexual conduct" means:

(a) causing a person under 18 years of age to engage in a "sexual act" by using force, threats, or placing that person in fear; or

(b) engaging in a "sexual act" with a person who is under 18 years of age where that person is physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act; or

(c) knowingly engaging in a "sexual act" with a person who is under 16 years of age and is at least four years younger than the defendant; or

(d) a "commercial sex act" with a person under 18 years of age.

The term "sexual act" means:

- contact between the penis and the vulva, or the penis and the anus, involving penetration however slight; or

- contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or

- the penetration – however slight – of another person's anal or genital opening by a hand, finger, or any object, with an intent to abuse, humiliate, harass, or degrade the person, or to arouse or gratify the sexual desire of the Defendant or any other person; or

- the intentional touching – not through the clothing – of the genitalia of another person who has not attained the age of 16 years old, with the intent to abuse, humiliate, harass, or degrade the person, or to arouse or gratify the sexual desire of the Defendant or any other person.

"Commercial sex act" means any sex act, for which anything of value is given to or received by any person.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

It is <u>not</u> necessary for the Government to prove that the illicit sexual conduct violated the laws of the foreign country where it occurred or that the Defendant intended to engage in the illicit sexual conduct at the time he departed the United States.

**Theory of Defense**

The defense has argued that the sexual abuse allegations charged in the Second Superseding Indictment against Mr. Geilenfeld are all false or were falsely made due to outside influence.  If after you have considered these arguments using your reason and common sense and after you have carefully and impartially considered all the evidence in the case you have a reasonable doubt concerning the Defendant's guilt, you must find the Defendant not guilty.

**Equally Available Witness**

There are people whose names you heard during the course of the trial but who did not appear to testify.  One or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified had they been called.  Their absences should not affect your judgment in any way.  You should remember my instruction, however, that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree.  Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement.  While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

You will have a copy of the Second Superseding Indictment, these instructions, the verdict form, and the evidence with you in the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.  Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal.  The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom.  But I caution you not to tell me how many jurors have voted one way or the other at that time.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. <u>24-20008-CR-LEIBOWITZ(s)(s)</u>**

**UNITED STATES OF AMERICA**

**vs.**

**MICHAEL KARL GEILENFELD,**

    **Defendant.**

_____/

## <u>VERDICT</u>

1.    As to **Count One** of the Second Superseding Indictment, which charges the Defendant with Traveling in Foreign Commerce for the Purpose of Engaging in Illicit Sexual Conduct, we, the Jury, unanimously find the Defendant:

GUILTY _____           NOT GUILTY _____

2.    As to **Count Two** of the Second Superseding Indictment, which charges the Defendant with Engaging in Illicit Sexual Conduct in a Foreign Place with Minor Victim 1, we, the Jury, unanimously find the Defendant:

GUILTY _____           NOT GUILTY _____

3.    As to **Count Three** of the Second Superseding Indictment, which charges the Defendant with Engaging in Illicit Sexual Conduct in a Foreign Place with Minor Victim 2, we, the Jury, unanimously find the Defendant:

GUILTY _____           NOT GUILTY _____

4.      As to **Count Four** of the Second Superseding Indictment, which charges the Defendant with Engaging in Illicit Sexual Conduct in a Foreign Place with Minor Victim 3, we, the Jury, unanimously find the Defendant:

GUILTY _____          NOT GUILTY _____

5.      As to **Count Five** of the Second Superseding Indictment, which charges the Defendant with Engaging in Illicit Sexual Conduct in a Foreign Place with Minor Victim 5, we, the Jury, unanimously find the Defendant:

GUILTY _____          NOT GUILTY _____

6.      As to **Count Six** of the Second Superseding Indictment, which charges the Defendant with Engaging in Illicit Sexual Conduct in a Foreign Place with Minor Victim 6, we, the Jury, unanimously find the Defendant:

GUILTY _____          NOT GUILTY _____

7.      As to **Count Seven** of the Second Superseding Indictment, which charges the Defendant with Engaging in Illicit Sexual Conduct in a Foreign Place with Minor Victim 7, we, the Jury, unanimously find the Defendant:

GUILTY _____          NOT GUILTY _____

**SO SAY WE ALL**

_____
**FOREPERSON OF THE JURY**

**Dated:**_____